Derbigny, J.
delivered the opinion of the court. In this case, the plaintiff alleges that, having engaged his services, as a cook to the defendant, for a fixed space of time, he was turned out of defendant’s house, before the expiration of that time, though he had faithfully complied with his obligations. The defendant denies the allegations of the petition, and further answers, that the plaintiff violated his contract by his improper conduct. Under such pleadings, the defendant offered to make proof *392 of the particular acts by which the plaintiff had committed the alleged breach of contract. He was refused, and the reason given by the district court for such refusal is, that the defendant’s answer does not mention any particular breach of covenant, nor any particular act of improper conduct, which the plaintiff could have been prepared to repel.
East’n District.
July, 1820.
We think that, unless we are disposed to introduce in our practice the nicities of special pleading, the proof offered by the defendant ought to have been received. Under a denial that the plaintiff had faithfully complied with his obligations, the defendant surely could show how he had failed to comply with them. The parties were at issue on that general allegation and denial. The particular facts, on which the defendant might rely to support the negative of that general issue, were component parts of it, not special and separate grounds of defence. It is necessary, as we have already said, in the case of Harvey vs. Fitzgerald, that such certainty should prevail in pleading, as to put each party on his guard.” Therefore, wherever, a party attempts to introduce evidence in support of some ground of defence, distinct from those which are set up in the pleadings, such evidence ought to be refused. But, to re *393 quire the suitors to specify in their pleadings the particular facts, out of which, the truth of a general allegation will result, would, we apprehend, be creating embarrassment, in the administration of justice, for no possible good purpose.
Preston for the plaintiff, Davesac for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; and that this case be remanded to be tried anew, with instructions to the judge, to admit any legal evidence, which the defendant may offer to shew the particular act or acts, by which the plaintiff may have committed a breach of his contract with the defendant ; and it is further ordered, that the appellee do pay the costs of this appeal.